UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE THOMAS,

    Plaintiff,

v.

    Case No. 23-cv-10107
    Honorable Linda V. Parker

ACCENT CONTROLS, INC.,

    Defendant.
_____/

### OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE AND REQUEST TO TRANSFER OF THE CASE TO THE DISTRICT JUDGE AND (2) REFERRING PENDING MOTIONS TO THE MAGISTRATE JUDGE

On January 12, 2023, Plaintiff D'Andre Thomas filed this lawsuit against his former employer, Defendant Accent Controls, Inc., alleging race discrimination and retaliation under federal and state law. On February 7, 2025, this Court referred the matter to Magistrate Judge David R. Grand for a settlement conference pursuant to 28 U.S.C. § 636(b)(3). Magistrate Judge Grand held a settlement conference on March 21, 2025. The parties now disagree on whether they reached a settlement agreement at the conference, and motions have been filed related to that disagreement. (ECF Nos. 52, 53, 60, 67, 70.) Thomas also has filed a motion to withdraw "consent" to proceed before the Magistrate Judge. (ECF No. 59.)

Contrary to Thomas' understanding, the case has not been referred to Magistrate Judge Grand based on the parties' consent, nor has it been transferred to Magistrate Judge Grand for all further proceedings. Instead, this Court has referred the case for settlement and the resolution of discretion motions. The parties' consent is not required for such referrals. *See* 28 U.S.C. § 636(b)(1)-(3). The statute also does not give the parties the right to object to such referrals. *See id*. Such referrals are distinct from the designation of a magistrate judge to conduct any or all proceedings in a civil action pursuant to § 636(c), which can occur only with the parties' consent, which also may be withdrawn. *See* 28 U.S.C. § 636(c)(1), (2).

A magistrate judge assigned to a case, just like the assigned district judge, may be subject to recusal. *See* 28 U.S.C. § 455(a). However, the need for recusal arises only where the judicial officer's "impartiality might reasonably be questioned." *Id*. Thomas does not challenge Magistrate Judge Grand's impartiality. There is no apparent reason why his recusal would be warranted.

Magistrate Judge Grand is, in fact, in the best position to address whether the parties reached an enforceable settlement agreement, as he presided over the settlement proceedings. It is most efficient and fair for him to decide whether there was a meeting of the minds with respect to the terms of a settlement. This is

especially true here because significant portions of the dialogue when the settlement was being placed on the record are not audible. (*See* ECF No. 58.)

For these reasons, the Court is **DENYING** Thomas' motion to withdraw consent (ECF No. 59) and **REFERS** the following motions to Magistrate Judge Grand for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A):

- Motion to Strike (ECF No. 52);
- Motion to Strike Minute Entry for In-Person Proceedings (No. 53);
- Amended Motion to Strike (ECF No. 60);
- Renewed Motion to Strike Enforcement of Alleged Settlement (ECF No. 67); and
- Motion to Dismiss the Litigation, Enforce Settlement Agreement and for Sanctions (ECF No. 70)

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 4, 2025

3