UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE THOMAS,

          Plaintiff,

v.

ACCENT CONTROLS, INC.,

          Defendant.
_____/

Civil Action No. 23-10107

Linda V. Parker
United States District Judge

David R. Grand
United States Magistrate Judge

### REPORT AND RECOMMENDATION TO DENY DEFENDANT ACCENT CONTROLS, INC.'S MOTION TO DISMISS THE LITIGATION, ENFORCE SETTLEMENT, AND FOR SANCTIONS (ECF No. 70)

On March 21, 2025, the undersigned presided over a settlement conference in this case. Plaintiff D'Andre Thomas ("Thomas") appeared at the conference *pro se*, while defendant Accent Controls, Inc. ("Accent") was represented by its counsel. Unfortunately, a dispute has arisen over whether a full meeting of the minds had been reached at the settlement conference, or whether Thomas' acceptance of the settlement terms was conditioned on discussions he wished to have with counsel about certain aspects of the settlement. On May 21, 2025, Accent filed a "Motion to Enforce Settlement Agreement, Dismiss the Litigation with Prejudice, and for Sanctions," based on its contention that a full and final settlement between the parties had been reached. (ECF No. 70).

On June 26, 2025, the Court held oral argument on Accent's motion. For the detailed reasons stated on the record, **IT IS RECOMMENDED** that Accent's motion **(ECF No. 70)** be **DENIED**. In short, prior to going on the record at the conclusion of the

settlement conference, Accent provided Thomas a term sheet that included a provision about Thomas being able to have counsel review it, and Thomas expressly indicated on the record at the time of the settlement conference that he had "one question regarding [a significant portion of the overall settlement amount]," specifically, whether that amount would "be taxed," and later asserted that in light of the "possibility that [the amount in question] could be taxed," he "wanted to make sure there's some clarity on [the issue] before I tell you I agree." (ECF No. 58, PageID.438, 440). Most all of the follow-up discussion of those matters is inaudible. (*Id.*, PageID.441). Finally, Thomas represents that he did consult counsel regarding the specific taxation issue, and that his unwillingness to agree to the terms of the settlement agreement is a product of that discussion, and not a ploy to re-negotiate its terms, a position the Court finds is not asserted in bad faith. Thus, in any event, no sanctions are warranted against Thomas.

Dated: July 8, 2025              s/David R. Grand
Ann Arbor, Michigan         DAVID R. GRAND
                                       United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United*

*States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 8, 2025.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager