UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE THOMAS,

    Plaintiff,

v.

Case No. 23-cv-10107
Honorable Linda V. Parker

ACCENT CONTROLS, INC.,

    Defendant.
_____/

## OPINION AND ORDER

This action arises from Plaintiff D'Andre Thomas' employment with Defendant Accent Controls, Inc. The matter is currently before the Court on objections (ECF Nos. 90, 91) to two filings by Magistrate Judge David R. Grand: (1) an opinion and order denying Mr. Thomas' Motion to Exclude Statement and Testimony from Evidence or Issue [an] Adverse Inference Instruction (ECF Nos. 47, 88); and (2) a Report and Recommendation ("R&R") recommending the denial of Accent Control's Motion to Dismiss the Litigation, Enforce Settlement Agreement, and for Sanctions (ECF Nos. 70, 87). For the reasons set forth below, the Court rejects the parties' objections, affirms Magistrate Judge Grand's decision on Mr. Thomas' motion, and adopts the recommendation to deny Accent Controls' motion.

### Standards of Review

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's

1

ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law." *Id.* The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Motion to Exclude Statement

Mr. Thomas moved to exclude from evidence a statement by and the evidence of William B. Adamson, a Contracting Officer Representative/Maintenance Manager with the United States Department of the Army.  (ECF No. 47.)  The statement, which is a "Memorandum of Record" dated March 2, 2022, is attached to Mr. Thomas' motion.  (*See* ECF No. 47-1.)  Mr. Thomas claimed in the motion that he attempted to subpoena records from the U.S. Army Tank-Automotive and Armaments Command ("TACOM") to assess whether Mr. Adamson was authorized to make the statement and to assess its reliability and accuracy, but TACOM has refused to comply with the subpoena.

Mr. Thomas contended that allowing the statement under these circumstances is "fundamentally unfair and prejudicial to [his] case."  (ECF No. 47 at PageID.320.)  He argued that his ability to challenge the statement is "severely comprised" by TACOM's refusal to produce the subpoenaed records.  (*Id*. at PageID.322.)  He also argued that the statement's probative value is substantially outweighed by the concerns warranting exclusion under Federal Rule of Evidence 403.  (*Id*. at PageID.321.)  If the statement is allowed into evidence, Mr. Thomas requested an adverse inference instruction, advising the jury that the withheld records would have contradicted Mr. Adamson's testimony.

Magistrate Judge Grand denied Mr. Thomas' motion, noting as a first viable basis that it was filed after the close of discovery and thus was tardy.  (ECF No. 88 at PageID.708.)  Magistrate Judge Grand further provides that Mr. Thomas should have first filed a motion to compel TACOM's compliance with his subpoena and, because he did not do so, it is inappropriate to restrict Accent Control's use of the evidence because

3

Thomas did not take the necessary steps to acquire the evidence he sought.  (*Id*. at PageID.708-09.)

Mr. Thomas objects to this ruling, claiming that it rests on a "fundamental misunderstanding of the nature and purpose of [his] motion."  (ECF No. 90 at PageID.717.)  Mr. Thomas states that he was not seeking "to compel testimony from a non-party or sanction an uncooperative agency . . ..  Rather, [he] sought to preclude [Accent Controls] from relying on inadmissible hearsay evidence"—that being Mr. Adamson March 2, 2022 statement.  (*Id*.)  Later, Mr. Thomas claims that he has not had the opportunity to verify the documents authenticity or foundation.  (*Id*. at PageID.718.)

These are not arguments Mr. Thomas made in support of his motion, however.  He did not seek to exclude Mr. Adamson's statement on admissibility grounds.  For that reason, he fails to demonstrate that Magistrate Judge Grand's decision was clearly erroneous or contrary to law.

**Motion to Dismiss the Litigation, Enforce Settlement Agreement, and for Sanctions**

On March 21, 2025, the parties participated in a settlement conference before Magistrate Judge David R. Grand, at which time the terms of a settlement agreement were arguably reached.  The Court says "arguably" because Mr. Thomas subsequently claimed that they had not, and Accent Controls therefore filed a "Motion to Enforce Settlement Agreement, Dismiss the Litigation with Prejudice, and for Sanctions."  (ECF No. 70.)  In light of Magistrate Judge Grand's familiarity with the settlement proceedings, the Court referred the motion to him.  (ECF No. 79.)

After a hearing on the motion, Magistrate Judge Grand issued a Report and Recommendation ("R&R") on July 8, 2025, recommending that Accent Control's motion be denied. (ECF No. 87.) Magistrate Judge Grand finds that there was no meeting of the minds between the parties because Plaintiff expressed that he needed to clarify his tax liability on the settlement amount. Accent Controls has filed objections to the R&R, arguing that the only conclusion possible from the transcript of the March 21 proceedings and subsequent emails is that a settlement agreement was reached. (ECF No. 91.)

The Court has reviewed the issue de novo and agrees with Magistrate Judge Grand that there was no meeting of the minds at the March 21 settlement conference or afterward. The transcript from the March 21, proceedings reflects Mr. Thomas' concern regarding the possible tax consequences of a portion of the settlement proceeds and desire that it not be taxable. He expressed his intention to seek the advice of counsel on that issue. In other words, Mr. Thomas' agreement to the settlement amount was contingent on his satisfaction of any resulting tax liability and an attorney's review of the agreement. In fact, he specifically stated on the record that he "wanted to make sure there's some clarity on that *before* I tell you I agree." (ECF No. 58 at PageID.440 (emphasis added.)

## Conclusion

In summary, the Court has reviewed Mr. Thomas' objections to Magistrate Judge Grand's July 9, 2025 Order denying his motion to exclude statement and testimony and is not convinced that Magistrate Judge Grand's ruling is clearly erroneous or contrary to law. The Court also made a *de novo* determination of the issues raised in Accent

Control's objections to Magistrate Judge Grand's R&R and reaches the same conclusion as Magistrate Judge Grand.  Therefore, the Court adopts Magistrate Judge Grand's recommendations.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Grand's July 9, 2025 Order is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Accent Control's Motion to Dismiss the Litigation, Enforce Settlement Agreement, and for Sanctions (ECF No. 70) is **DENIED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: July 24, 2025