UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE THOMAS,

    Plaintiff,

v.                                           Case No. 23-cv-10107
                                            Honorable Linda V. Parker

ACCENT CONTROLS, INC.,

    Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION TO SEAL**

This matter is before the Court on a motion to seal filed by Defendant Accent Controls, Inc. (ECF No. 78.) In the motion, Accent Controls asks the Court to seal all filings in this matter after March 25, 2025, claiming that they include confidential information. The motion is denied without prejudice because it does not comply with Supreme Court and Sixth Circuit precedent and Eastern District of Michigan Local Rule 5.3.

It is well established that the public and press have a right to access court proceedings and records, which is protected by the common law and/or the First Amendment. *Brown & Willliamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (1983). "That interest rests on several grounds[,]" including the public's "entitle[ment] to assess for itself the merits of judicial decisions" and its "interest

1

in ascertaining what evidence and records the [d]istrict [c]ourt[s] and [courts of appeals] have relied upon in reaching [their] decisions." *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citations omitted). Therefore, when evaluating requests to seal, courts must consider the rights of the public and press, even when there is no objection from the nonmoving party. *See In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983); *Rudd Equip. Co. v. John Deere Constr. & Forestry*, 834 F.3d 589, 595 (6th Cir. 2016).

There is a "strong presumption in favor of openness" as to court proceedings and records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson*, 710 F.2d at 1179). This presumption may be overcome only where "sealing is . . . 'essential to preserve higher values' and is 'narrowly tailored' to serve such ends.'" *In re Search of Fair Fin.*, 692 F.3d 424, 429 (6th Cir. 2012) (quoting *Press-Enter., Co. v. Superior Ct. of Calif. for Riverside Cnty.*, 478 U.S. 1, 9 (1986)). The party seeking to limit public access to court proceedings or records bears the burden of overcoming the presumption of openness. *Shane Grp.*, 825 F.3d at 305 (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).

The Sixth Circuit has advised that members of the public should be afforded an opportunity to intervene and present their views as to why information should not be sealed. *See Knoxville News-Sentinel*, 723 F.2d at 475-76. Therefore, the

2

court suggested, motions to seal should be publicly docketed, *see id*., and "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations[,]" *Shane Grp.*, 825 F.3d at 305-06.

As the Sixth Circuit more recently advised, the party seeking to seal documents or a court record must (1) detail the necessity and legal support for sealing, (2) explain why the need for privacy outweighs the public's right to access, and (3) ensure the request is limited in its scope. *Rudd Equip. Co.*, 834 F.2d at 594; *Shane Grp.*, 825 F.3d at 306. This ensures that there are sufficient conclusions to "justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594 (citing *Brown & Williamson*, 710 F.2d at 1176). Local Rule 5.3 encompasses the requirements and procedures for moving to seal set forth in Supreme Court and Sixth Circuit precedent for civil and criminal matters in this District. *See* E.D. Mich. LR 1.1(c) (indicating that "[t]hese rules apply in civil and criminal actions"); E.D. Mich. LCrR 1.1 (providing that "the general local rules apply to criminal actions").

For example, the rule requires a party moving to seal to identify the privacy interests that may be affected if the documents sought to be sealed were publicly disclosed. E.D. Mich. LR 5.3(b)(3)(A)(i). Additionally, the movant must provide "a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority[.]" *Id.* 5.3(b)(3)(A)(iv).

3

The rule instructs movants to file a redacted copy of the material sought to be sealed as an exhibit to the motion, and to file an unredacted copy as a second exhibit filed under seal.  *Id.* 5.3(b)(3)(A)(v), (vi).

Accent Controls' present motion fails to meet the requirements detailed above.  Most specifically, its request to seal *all* documents after March 25 is exceptionally broad, proposing to seal filings unrelated to any asserted confidential information.  Further, while evidence of the parties' settlement conversations and proposed terms may be inadmissible as evidence, *see* Fed. R. Evid. 408, this does not mean that it is confidential information subject to being sealed on the public docket.  There may be specific terms of the settlement that should remain confidential (e.g., parties often agree to keep the amount paid by the defendant to the plaintiff confidential).  However, Accent Controls seeks to seal every document filed after March 25, and it fails to cite authority supporting such extensive secrecy concerning the litigation.

Accordingly,

**IT IS ORDERED** that Accent Controls' Motion to Seal (ECF No. 78) is **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 8, 2025

4