UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE THOMAS,

  Plaintiff,

              Case No. 23-cv-10107
v.             Honorable Linda V. Parker

ACCENT CONTROLS, INC.,

  Defendant.
_____/

## OPINION AND ORDER

This action arises from Plaintiff D'Andre Thomas' employment with Defendant Accent Controls, Inc.  It is currently set for a jury trial on March 31, 2026, and is before the Court on several motions: (1) Mr. Thomas' motion in limine to exclude the statement and testimony of William Adamson (ECF No. 89); (2) Mr. Thomas' motion for sanctions (ECF No. 94); (3) Mr. Thomas' motion to modify the scheduling order and expand the record to include Freedom of Information Act ("FOIA") evidence (ECF No. 109); and (4) Accent's motion to exclude any documentation, evidence, and witnesses not authenticated or exchanged during discovery and any evidence of settlement offers and discussions

1

(ECF No. 111).  The motions are fully briefed.  Mr. Thomas also has filed several supplemental briefs.[1]

## Motions in Limine

### Legal Standard

District courts have broad discretion over matters involving the admissibility of evidence at trial.  *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  A court may therefore alter its ruling during trial.  *See Luce*, 469 U.S. at 41-42.  Motions in limine may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose."  *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

---

[1] As Accent has noted (*see* ECF No. 115), some of Mr. Thomas' filings had been procedurally improper, such as his "reply" (i.e., sur-reply) to Accent's motion in limine.  Nevertheless, Accent did not move to strike these pro se filings, and the Court sees no prejudice if they remain in the record.

The Federal Rules of Evidence preclude the admissibility of "[i]rrelevant evidence[.]" Fed. R. Evid. 402. "The rules regarding relevancy, however, are quite liberal." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998). Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has *any* tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). The Court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'" *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is inadmissible if there is a danger of *unfair* prejudice, not mere prejudice. *See Robinson*, 149 F.3d at 514-15 (citing Fed. R. Evid. 403). "Virtually all evidence is prejudicial or it isn't material." *Id*. at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted).

**Mr. Thomas' Motion Regarding the Adamson Evidence (ECF No. 89)**

Mr. Thomas seeks to exclude a "Memorandum for Record," dated March 2, 2022, authored by William B. Adamson, and Mr. Adamson's testimony at trial. In the memo, Mr. Adamson identifies himself as a Contracting Officer Representative for the Department of the Army, overseeing Accent's work at the Detroit Arsenal where Mr. Thomas was employed. In the memo, Mr. Adamson summarizes the communications he had between November 30 and December 30, 2021, with Mr. Thomas and others with respect to COVID-19 testing at the Detroit Arsenal and Mr. Thomas' conduct and employment. (*See* ECF No. 47-1.) In his current motion, Mr. Thomas contends that the Memorandum for Record is inadmissible hearsay, unauthenticated, without foundation, and was not produced during discovery. Mr. Thomas therefore argues that he has been unable to cross-examine or challenge its content or source and that its admission would unfairly prejudice him and violate his due process rights.

Notably, Mr. Thomas previously moved to exclude the Memorandum for Record and Mr. Adamson's testimony. (ECF No. 47.) In this earlier motion, Mr. Thomas argued that he had served a subpoena on the United States Army Tank-Automative and Armaments Command ("TACOM") for documents he claimed would refute Mr. Adamson's statement and testimony, but TACOM "responded by refusing to comply with the subpoena . . .." (*Id*. at PageID.321.) Magistrate Judge

4

David R. Grand, to whom the Court referred the motion, denied it on July 9, 2025. (ECF No. 88 at PageID.708-09.)

Magistrate Judge Grand pointed out first that the motion was untimely, as it was filed well after the close of discovery and that the more appropriate action would have been for Mr. Thomas to file a motion to compel TACOM to comply with his subpoena. (*Id*. at PageID.708.) Magistrate Judge Grand reasoned that "it would be inappropriate to restrict Accent's ability to use its evidence simply because Thomas failed to take appropriate steps to obtain evidence he desired." (*Id*. at PageID.708-09.) Magistrate Judge Grand expressly stated, however, that he was "mak[ing] no ruling on whether any particular evidence is admissible at trial." (*Id*. at PageID.709.)

At this juncture, where the Court does not know how and even whether Accent intends to offer the Memorandum for Record as evidence at trial, it cannot conclude that it is inadmissible hearsay, lacks authentication, or a foundation. Mr. Adamson is listed on Accent's witness list. Thus he may be able to authenticate and lay a proper foundation for the document. Mr. Thomas' contention that the document was not produced during discovery is undermined by the record.

Accent indicates that it identified Adamson as a witness and produced his memo during discovery, with the document being produced on February 19, 2024. While Accent does not offer support for these assertions, Thomas' own evidence

contradicts his claim that the document was only produced for the first time in January 2025.  Specifically, when Thomas served the subpoena on TACOM on December 3, 2024, he indicated it was to verify Adamson's Memorandum of Record.  (*See* ECF No. 47-3.)

Thus, the Court cannot find that the document or Mr. Adamson's testimony are a surprise to Mr. Thomas or that it would be unfair or a violation of his due process rights to allow Accent to offer this evidence.  While Accent seeks sanctions against Mr. Thomas for bringing the motion in light of Magistrate Judge Grand's previous ruling and because concurrence was not sought before its filing, the Court finds sanctions unwarranted, specifically because Magistrate Judge Grand indicated he was not ruling on the admissibility of this evidence.  However, Mr. Thomas' motion in limine (ECF No. 89) is denied.

### Accent's Motion Regarding Unauthenticated or Unproduced Materials and Settlement Offers and/or Discussions (ECF No. 111)

According to the Court's scheduling orders, discovery initially closed in this matter on June 28, 2024, although the deadline was extended until November 22, 2024, and then January 24, 2025.  Accent now seeks to exclude any documents, evidence, or witnesses that Mr. Thomas failed to disclose before discovery closed or that are not authenticated.  Accent also asks the Court to exclude any settlement-related evidence.

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Nevertheless, Accent does not identify the specific unauthenticated or late-produced evidence it seeks to exclude.  Thus, Thomas has not—and perhaps cannot—respond to show that a late disclosure was substantially justified or is harmless.  Nor can Thomas address or the Court reasonably assess whether the evidence lacks authentication.  For these and other reasons, motions in limine that "exclude broad categories of evidence" are rarely granted.  *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

Under Rule 408, evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise [a] claim," and of "conduct or a statement made during compromise negotiations about the claim," is inadmissible "either to prove or disprove the validity or amount of [the] disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Nevertheless, Rule 408 does not serve as an absolute bar of such evidence, as "[t]he court may admit [it] for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a

7

criminal investigation or prosecution." Fed. R. Evid. 408(b). At this juncture, the Court cannot assess the purpose for which this evidence may be offered. Thus, the Court is unable to rule at this time on whether it is or is not excludable under Rule 408.

For these reasons, Accent's motion in limine (ECF No. 111) is denied without prejudice.

### Motion for Sanctions (ECF No. 94)

Mr. Thomas moves for sanctions against Accent pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent authority. Mr. Thomas seeks sanctions, claiming Accent has engaged in "repeated bad-faith conduct," made "frivolous filings," and has "abuse[d] the judicial process." The Court finds Rule 11 sanctions unavailable and, in any event, sanctions unwarranted under the rule or the inherent authority to issue sanctions.

Rule 11 sanctions are unavailable where the movant failed to follow the rule's "safe harbor" provisions. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510-11 (6th Cir. 2002) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997)) (holding that "sanctions under Rule 11 are unavailable, unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the

8

court"); *see* Fed. R. Civ. P. 11(c)(2).  There is no indication that Mr. Thomas followed Rule 11's mandatory safe harbor provision before filing his motion.

Where a movant complies with the safe harbor provisions, "Rule 11 sanctions are appropriate when a court determines that an attorney's conduct is not 'reasonable under the circumstances.'"  *Kallok v. Boardman Loc. Sch. Dist. Bd. of Educ.*, 24 F. App'x 496, 498 (6th Cir. 2001) (quoting *Mann v. G&G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)); *see also Hunstman v. Perry Loc. Schs. Bd. of Educ.*, 379 F. App'x 456, 461 (6th Cir. 2010) (citing *Mich. Div.-Monument Builders of N. Am. v. Michigan*, 524 F.3d 726, 739 (6th Cir. 2008)).  Every court also has the inherent power to assess sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' or when the conduct is 'tantamount to bad faith[.]'"  *Metz v. Unizan Bank*, 655 F.3d 485, 490 (6th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991), then *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980)).  Nevertheless, such power "must be exercised with restraint and discretion."  *First Bank of Marietta*, 307 F.3d at 515 (quoting *Chambers*, 501 U.S. at 44).  The party's conduct must be "egregious[.]"  *Id*. (quoting *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995)).  Mr. Thomas fails to identify conduct by Accent warranting sanctions under either standard.

Contrary to Mr. Thomas' assertions, Accent's motions have not been frivolous, the Court cannot find that it has misrepresented facts, and Accent's request for sanctions have not been unwholly unwarranted even if sanctions have not been awarded in its favor.  Accent has fairly defended this action and has not abused the judicial process.  Thus, Mr. Thomas' motion for sanctions (ECF No. 94) is denied.

### Modification of the Scheduling Order & Expansion of the Record

Mr. Thomas seeks a modification of the scheduling order so he can expand the record with TACOM's response to his FOIA request.  Mr. Thomas had requested "an electronic copy of records from the Detroit Arsenal (TACOM) COVID-19 walk-in Test Center.  Specifically, the full names and organizations of the government or contractor employees who were test recipients during Dec[ember] 8, 2021 to Dec[ember] 31, 2021, and Jan[uary] 1, 2022 to Jan[uary] 12, 2022 . . .."  (*See* ECF No. 109-1.)  TACOM claimed to have no documents responsive to Mr. Thomas' request because the relevant personnel were "not authorized to store information on employees.  All documents that were utilized for check-in were properly destroyed after the completion of vaccination and/or testing."  (*Id*.)  TACOM also answered that "[t]he Detroit Arsenal (TACOM) Occupational Health Clinic was not involved in the formation, staffing, testing,

10

monitoring or record keeping of the Detroit Arsenal (TACOM) COVID-19 walk-in Test Center." (*Id.*)

In his motion to modify the scheduling order and expand the record, Mr. Thomas points to three documents with screening results for himself and another individual (*see* ECF Nos. 103-2, 103-3, 103-4), which he claims demonstrate that TACOM in fact had documents responsive to his FOIA request.  Mr. Thomas contends that TACOM's FOIA response is relevant to his motion to exclude Mr. Adamson's statement and testimony.  Specifically, Mr. Thomas claims TACOM's "response confirms that no records exist to authenticate or substantiate Adamson's March 2, 2022 [M]emorandum of [R]ecord."  (ECF No. 109 at PageID.890.)

Deadlines in a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The moving party's diligence in attempting to meet court issued deadlines is the primary measure of the good cause standard. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citation omitted).  "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.*

Mr. Thomas' explanation for this late-acquired evidence is not supportive of a good cause finding.  As Magistrate Judge Grand found when denying Mr. Thomas' previous motion to exclude Mr. Adamson's testimony and memorandum, Mr. Thomas should have filed a motion to compel TACOM's compliance with his

11

subpoena while discovery was open, but he did not.  His failure to timely pursue discovery from TACOM is what necessitated his FOIA request.  In any event, TACOM's FOIA response is not relevant even to challenge the admissibility of Mr. Adamson's memorandum.  It does not show that the memo cannot be authenticated or is otherwise inadmissible.

For these reasons, Mr. Thomas' motion to modify the scheduling order and expand the record (ECF No. 109) is denied.

## Conclusion

For the reasons stated, the Court **DENIES** Mr. Thomas' motions to exclude the statement and testimony of Mr. Adamson (ECF No. 89), for sanctions (ECF No. 94), and to modify the scheduling order to expand the record (ECF No. 109). The Court also **DENIES WITHOUT PREJUDICE** Accent's motion to exclude documents, evidence, and witnesses not authenticated or exchanged during discovery and any settlement offers and discussions (ECF No. 111).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 5, 2026

12